UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JESSE LEE STEWART JR.,

                                Petitioner,

            -against-

STATE OF NEW YORK DEPARTMENT OF
CORRECTIONS, SUFFOLK COUNTY
ATTORNEY,

                                Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-2136 (JMA)

**FILED
CLERK**

2:04 pm, Jun 22, 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Pending before the Court is the "Emergency Motion for a Writ of Habeas Corpus Ad Subjiciendum" of petitioner Jesse Lee Stewart Jr. ("Petitioner"). (ECF No. 1.) For the reasons set forth below, the Court denies Petitioner's motion.

## I. BACKGROUND

In 2016, a state court jury found Petitioner guilty of robbery in the first degree and attempted robbery in the first degree. Petitioner was sentenced to a determinate term of ten years of incarceration and a concurrent determinate term of nine years of incarceration, followed by five-years of post-release supervision.

On January 17, 2020, Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. (ECF No. 1, Dkt. 20-CV-329.) His petition attacked his conviction by challenging evidence that had been admitted and precluded from his trial. It also argued that he received ineffective assistance of counsel. (Id.) On April 28, 2020, the Court ordered the Attorney General of the State of New York or the District Attorney of Suffolk

County to show cause within sixty days of receipt of the order why a writ of habeas corpus should not be issued. (ECF No. 8, Dkt. 20-CV-329.) The government's response is not yet due.

On May 4, 2020, Petitioner, again proceeding pro se, filed an "Emergency Motion for a Writ of Habeas Corpus Ad Subjiciendum." The Court docketed this motion under a separate docket number. (ECF No. 1, Dkt. 20-CV-2136.) Petitioner also filed separate motions to proceed in forma pauperis and to request oral argument. (ECF Nos. 3, 23.) In his motion for emergency relief, Petitioner challenges the conditions of his incarceration and the availability of medical care in Orleans Correctional Facility. (ECF No. 1.) He argues that his continued confinement and his underlying health conditions, including HIV, make him susceptible to contracting and suffering from COVID-19 while incarcerated. Such a situation, he contends, violates the Eighth Amendment and entitles him to immediate release from custody. (ECF No. 2 at 8.)

In response, the State of New York filed a motion to: (1) consolidate the instant motion with Petitioner's original petition at docket 20-CV-329; (2) construe the instant motion as an amendment to the original petition; and (3) dismiss the motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 14.) The State argues that Petitioner's challenge to the conditions of his confinement would be more properly brought pursuant to 42 U.S.C. § 1983 instead of 28 U.S.C § 2254. In addition, the State contends that Petitioner has not exhausted his remedies available in state court. Therefore, the State argues, dismissal is warranted.

## II. DISCUSSION

For purposes of the instant order, the Court GRANTS Petitioner's motion to proceed in forma pauperis. (ECF No. 3.) Because the Court can resolve Petitioner's emergency motion on the papers, his request for oral argument is DENIED. (ECF No. 23.)

Additionally, the Court GRANTS the State's motions to consolidate this motion with the original petition (20-CV-329) and to construe the instant motion as a request to amend the original petition.

### A. Petitioner's Emergency Motion is an Amendment to His Original Petition

When Petitioner filed his emergency motion, his original petition for a writ of habeas corpus was still pending before the Court. "The Second Circuit has made abundantly clear that where a Petitioner files a second petition for a writ of habeas corpus before his first habeas petition has reached a final disposition, the second petition should be treated as a motion to amend the initial petition." Scalercio v. Donelli, No. 05-CV-1170, 2008 WL 4426879, at *1 (E.D.N.Y. Sept. 24, 2008) (citing Ching v. United States, 298 F.3d 174, 175 (2d Cir. 2002)). This standard applies to situations, like the one at issue here, where a petitioner files multiple habeas petitions pursuant to 28 U.S.C. § 2254. See Brady v. Wolcott, No. 19-CV-1280, 2020 WL 3270378, at *5 (W.D.N.Y. June 17, 2020). Accordingly, the Court construes Petitioner's emergency motion for a writ of habeas corpus as a motion to amend his original petition.

### B. Exhaustion

Because Petitioner failed to exhaust his remedies in state court, his emergency motion is denied. Section 2254 requires a petitioner to exhaust "the remedies available in the courts of the State." 28 U.S.C. § 2254. This requirement is designed to provide state courts with the "opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights." Jackson v. Edwards, 404 F.3d 612, 619 (2d Cir. 2005) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Therefore, before a federal court can adjudicate a petition for habeas corpus, the petitioner must show that he presented his "claim to the highest state court from which a decision can be had." Daye v. Att'y Gen. of N.Y., 696 F.2d 186, 190 n.3 (2d Cir. 1982) (en banc).

The Second Circuit has recognized "that a failure to exhaust may be excused where there has been a 'substantial delay in the state criminal appeal process.'" Ali v. Superintendent of Otisville Corr. Facility, No. 14-CV-3292, 2015 WL 5657384, at *3 (E.D.N.Y. Sept. 23, 2015) (quoting Cody v. Henderson, 936 F.2d 715, 718 (2d Cir. 1991)). In determining whether a substantial delay has occurred, courts assess the following factors: (1) the delay's length, (2) the reason for it and the party responsible, (3) whether the petitioner asserted his right to a decision, and (4) any ensuing prejudice. See Simmons v. Reynolds, 898 F.2d 865, 868 (2d Cir. 1990).

Petitioner claims that he attempted several times to file motions in state court. Attached to his emergency motion in this Court, however, Petitioner submitted a Motion for Sentence Modification, dated April 7, 2017, that he filed in state court years earlier. (ECF No. 2 at 20.) In supplemental filings, Petitioner explained that he "did make an attempt to file [an] emergency petition in state court of Suffolk County, and as usual the Clerk of the Court . . . simply refused to file [the] petition." (ECF No. 13 at 2.) Based on Petitioner's representation, "employees at the Office of the Attorney General searched the records of the Attorney General's Office and conferred with the clerk's offices at the Orleans County Court and the Suffolk County Court to determine whether petitioner had raised the claims set forth in the instant petition in state court before filing the instant petition" and reported that "[n]o such records could be located." (ECF No. 14-1 at 2.)

Thereafter, Petitioner submitted a "Motion for Resentencing Pursuant, 440.47 Section 60.12 of Penal Law," dated March 25, 2020, as an attachment to a letter to the Court docketed on June 8, 2020. (ECF No. 23 at 12.) He claims that he attempted to file this motion in the Supreme Court of Suffolk County, but "there was 'no' reply, as usual the clerk disregarded my applications." (Id. at 1.) In response to this letter from Petitioner to the Court, "the Attorney General's Office contacted the criminal term of Suffolk County Court and inquired whether the court had a record

4

of receiving petitioner's emergency petition. The court ultimately located three filings by petitioner, none of which had been docketed by the court as a result of the court's reduced operations during the COVID-19 pandemic." (ECF No. 25 at 2.) The three filings were the March 25, 2020 Motion for Resentencing and two supplemental attachments to that motion. According to the State, the clerk's office of the Supreme Court of Suffolk County assigned a judge and made the motion returnable on June 25, 2020. (Id.)

Petitioner has failed to demonstrate "substantial delay" that warrants excusal of the exhaustion requirement. A delay of several weeks in docketing Petitioner's motion because state court operations were curtailed amidst a global pandemic does not constitute "substantial delay." In addition, any argument regarding delay is now moot because the state court is currently in the process of adjudicating Petitioner's pending motion. See Roberites v. Colly, 546 F. App'x 17, 20 (2d Cir. 2013) (explaining that because the petitioner's motion "is now moving forward, we will not ourselves address the merits of [Petitioner's] challenge to his conviction in advance of state courts"). Petitioner has thus failed to show that substantial delay excuses his failure to exhaust.[1]

Additionally, it is unclear that Petitioner's recent state court filings sufficiently present, for purposes of exhaustion, claims that his incarceration during the COVID-19 pandemic violates any constitutional rights, such as the Eighth Amendment's prohibition on cruel and unusual punishment. To satisfy the exhaustion requirement, a petitioner must fairly "present the federal claim in state court." Jones v. Keane, 329 F.3d 290, 294–95 (2d Cir. 2003). "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and the legal

---

[1] Although New York state courts refused to accept filings from March until May 2020 except for specifically delineated "essential matters," they did accept "emergency applications related to the coronavirus" and filings related to "resentencing of retained and incarcerated defendants." (ECF No. 14-1 at 5, 7.) Moreover, as of May 25, 2020, New York state courts are again accepting all filings. See Administrative Order 114/20.

premises of the claim he asserts in federal court.'" Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997) (quoting Daye, 696 F.2d at 191). However, even assuming, arguendo, that Petitioner's recent state court filings adequately present federal claims (or might be construed by the state court to raise such claims), § 2254's exhaustion requirement would not be satisfied until Petitioner has presented his "claim to the highest state court from which a decision can be had." Daye, 696 F.2d at 190 n.3. Here, neither the Supreme Court of Suffolk County nor any state appellate court has ruled on Petitioner's recent filings. Accordingly, Petitioner has clearly not exhausted the federal claims he has sought to raise in this Court in his May 4, 2020 filing and subsequent submissions.

The Court also notes that even if Petitioner had presented a federal claim in his motion in state court, it appears he may have used an improper mechanism to pursue the relief he seeks. Petitioner moved for resentencing pursuant to CPL § 440.47, a remedy for domestic violence victims to move for a reduced sentence by proving that they were "subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household." N.Y. Crim. Proc. Law § 440.47 (McKinney). In his Motion for Resentencing, Petitioner argued that resentencing was warranted because he was victimized by his spouse, whose influence led him to be induced into criminal activity by various violent gangs. (ECF No. 25 at 12.) Petitioner's papers also informed the state court that if it denied his motion for resentencing, he would be at risk of contracting COVID-19 because "the Department of Corrections has failed the safety of the petitioner." (Id.)

The State asserts that Petitioner cannot use a procedural mechanism for domestic violence victims to pursue resentencing as a way to challenge the constitutionality of his prison conditions during the COVID-19 pandemic. Instead, the State points out that New York state law provides a specific procedural mechanism for state prisoners to challenge the conditions of their confinement

in state court. Under New York law, "any prisoner at any time is free to bring a petition for a writ of habeas corpus in the New York State Supreme Court, pursuant to Article 70 of New York's Civil Practice Law and Rules, on the ground that the conditions of his/her confinement are unlawful." Bergamaschi v. Cuomo, No. 20-CV-2817, 2020 WL 1910754, at *4 (S.D.N.Y. Apr. 20, 2020).[2] Because Petitioner has clearly not exhausted any federal claims due to the fact that no state court has yet ruled on his pending motion, it is unnecessary to determine whether Petitioner's failure to seek a writ of habeas corpus in state court based on Article 70 also affects the exhaustion analysis. Even assuming, for the sake of argument, that Petitioner's failure to seek such a writ in state court is not fatal on the issue of exhaustion, that failure might eventually doom a § 2254 petition on other grounds. See Cone v. Bell, 556 U.S. 449, 465 (2009) ("It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is 'independent of the federal question and adequate to support the judgement.'").

Because Petitioner failed to exhaust the claims in his emergency motion in state court, the Court must dismiss it. See McKethan v. Mantello, 292 F.3d 119, 122 (2d Cir. 2002) ("A district court must dismiss any petition for habeas corpus, brought pursuant to 28 U.S.C. § 2254, that contains issues not exhausted in the state courts."). As a practical matter, dismissal recognizes that "[t]here is value to giving the New York state courts a first opportunity to evaluate such a claim, and develop a full factual record, particularly given the rapidly changing conditions in prisons and

---

[2] As the State points out, the procedural mechanism of Article 70 has remained available to state prisoners throughout the COVID-19 pandemic. The March 22, 2020 Administrative Order of the Chief Administrative Judge of the New York State Courts exempted "emergency applications related to the coronavirus" from the temporary ban on filings in state court, (ECF No. 14-1 at 7), and state courts have responded to habeas petitions brought by state prisoners challenging the conditions of their confinement because of COVID-19. See, e.g., People ex. rel. Carroll v. Keyser, No. 531323, 2020 WL 2950820 (App. Div. 3d Dep't June 4, 2020); People v. Brann, 121 N.Y.S.3d 658 (App. Div. 2d Dep't 2020).

7

the evolving steps that prisons are taking to meet the unprecedented challenges presented by the pandemic, in general and as specifically affecting [Petitioner's] conditions of confinement." Elleby v. Smith, 20-CV-2935, 2020 WL 2611921, at *3 (S.D.N.Y. May 22, 2020).[3]

Because dismissal is warranted based on Petitioner's failure to exhaust, the Court need not address the State's argument that Petitioner's challenge should be litigated as a civil rights action under 42 U.S.C. § 1983—a statute that Petitioner has not invoked—instead of as a habeas corpus petition under 28 U.S.C. § 2254.[4]

### III. CONCLUSION

For the reasons set forth above, Petitioner's emergency motion is DENIED without prejudice. Additionally, the Court GRANTS the State's motions to consolidate this motion with the original petition (20-CV-329) and to construe the instant motion as a request to amend the original petition. Denial of Petitioner's motion to amend based on the effect of COVID-19 on the conditions of his confinement does not affect his originally filed petition, which remains pending before the Court.

The Clerk of Court is respectfully directed to consolidate docket 20-CV-2136 with docket 20-CV-329 and close this docket.

---

[3] Petitioner's "Emergency Motion for a Writ of Habeas Corpus Ad Subjiciendum" does not identify whether this filing is intended to be a petition under § 2254 or § 2241. The Court construes it as the former, as courts have held that § 2241 would not, given the nature of Petitioner's claims, be available to a state court prisoner such as Petitioner. See Brady, No. 19-CV-1280, 2020 WL 3270378, at *3. Moreover, even assuming, for the sake of argument, that Petitioner could pursue a petition under § 2241 and that the Court might have greater discretion under § 2241 to waive the judge-made exhaustion requirement for § 2241 petitions, Ross v. Blake, 136 S. Ct. 1850, 1857 (2016), the Court would, under the circumstances here, find that waiver of the exhaustion requirement is not warranted. As such, the Court would still deny a § 2241 petition as unexhausted.

[4] Although § 1983 does not contain an exhaustion requirement, the Prison Litigation Reform Act erects substantial hurdles that must be satisfied before a court can order prisoners to be released because of unconstitutional conditions of confinement. See 18 U.S.C. § 3626(a)(3); Brown v. Plata, 563 U.S. 493 (2011).

The Clerk of Court is also respectfully directed to send a copy of this Order to the pro se Petitioner at his last known address.

**SO ORDERED.**

Dated:  June 22, 2020
         Central Islip, New York

                                                /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE